IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
UNITED STATES OF AMERICA,      )
                               )
             Plaintiff,        )          8:92CR14
                               )
     v.                        )
                               )
CHRISTOPHER ALLEN SCOTT,       )          MEMORANDUM AND ORDER
                               )
             Defendant.        )
_____)
```

This matter is before the Court on the defendant's motion to reopen and rescind the order denying § 3582(c)(2) in light of public law 111'220 (Filing No. 1170), and motion for modification of sentence pursuant to Title 18 USC § 3582(c)(2) and intervening change in the law and sentencing guidelines (Filing No. 1172).  Defendant moves the Court, *pro se*, for a modification of his sentence in light of new sentencing laws that became effective under the Fair Sentencing Act of 2010 ("Act"), Pub. L. 111-220, 124 Stat. 2372 (Aug. 3, 2010).

Since the Act's enactment, many defendants have requested that courts modify their sentences under the Act's more lenient sentencing regime.  From the Court's survey of the law, these requests have been uniformly denied.  *See*, *e.g.*, *United States v. Spires*, __ F.3d __ No. 09-3663, 2011 WL 93826, *5 (8th Cir. Jan. 12, 2011) (publication forthcoming); *United States v. Williams*, __ F.3d __, 2010 WL 5297179, at *6 (1st Cir. Dec. 28, 2010) (publication forthcoming); *United States v. Diaz*, 627 F.3d 930, 931 (2d Cir. 2010); *United States v. Lewis*, 625 F.3d 1224, 1228 (10th Cir. 2010); *United States v. Brewer*, 624 F.3d 900, 909

n.7 (8th Cir. 2010); *United States v. Bell*, 624 F.3d 803, 815 (7th Cir. 2010); *United States v. Gomes*, 621 F.3d 1343, 1346 (11th Cir. 2010); *United States v. Carradine*, 621 F.3d 575, 580 (6th Cir. 2010).  The rationale for not allowing a retroactive application of the Act is that it contains no express statement of retroactivity, and therefore the "general savings statute," 1 U.S.C. § 109, requires courts to apply the penalties in place at the time a crime was committed.  *Brewer*, 624 F.3d at 909 n.7. Accordingly,

IT IS ORDERED that defendant's motion to reopen and rescind the order denying § 3582(c)(2) in light of public law 111'220 and motion for modification of sentence (Filing Nos. 170 and 1172) are denied.

DATED this 1st day of February, 2011.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court