IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

```
UNITED STATES OF AMERICA,     )
                              )
              Plaintiff,      )        8:92CR14
                              )
     v.                       )
                              )
CHRISTOPHER ALLEN SCOTT,      )        MEMORANDUM OPINION
                              )
              Defendant.      )
_____)
```

      This matter is before the Court on the motion of defendant Christopher Scott "for leave to amend and file a supplemental pleading on his prior 28 U.S.C. 2255 petition" (Filing No. 1226).  Scott claims that he "suffered a violation of his Sixth Amendment right to counsel during the plea process that deprived him to the right to make a knowing and informed choice on whether to accept the Government's plea offer" and that recent decisions of the United States Supreme Court support his position (Filing No. 1226, at 3).

      Scott filed his first motion under 28 U.S.C. § 2255 on April 23, 1997 (Filing No. 869).  This Court denied the motion on January 20, 1998 (Filing No. 889).  On March 26, 1998, this Court declined to issue a certificate of appealability with regard to the motion (Filing No. 898).  On February 10, 1999, the Court of Appeals for the Eighth Circuit granted a certificate of appealablility limited to certain issues (Filing No. 910), but ultimately affirmed the judgment of this Court on July 7, 2000

(Filing No. 923).  Now, over twelve years after the full adjudication of Scott's first § 2255 motion, the Court must treat his present motion not as a motion to amend the first, but as a motion to file a second, successive § 2255 motion.

This Court does not have the authority to rule on such a successive motion.  "Before presenting a second or successive motion, the moving party must obtain an order from the appropriate court of appeals authorizing the district court to consider the motion, as required by 28 U.S.C. § 2255, para. 8." 28 U.S.C. § 2255 Rule 9.  Thus the Court must deny defendant's motion, absent an order from the Eighth Circuit Court of Appeals.

Although this Court need not reach the merits of Scott's motion, the Court notes that the Eighth Circuit has recently denied an appellant's request for "authorization to file a second section 2255 motion to present the claim that he rejected a favorable plea offer because trial counsel failed to adequately explain the terms of the offer and the consequences of rejecting it."  *Williams v. United States*, 705 F.3d 293, 294 (8th Cir. 2013).  As in this case, the appellant in *Williams* cited *Lafler v. Cooper*, 132 S.Ct. 1376 (2012), and *Missouri v. Frye*, 132 S.Ct. 1399 (2012), "cases in which the United States Supreme Court acknowledged that defendants have a constitutional right to effective assistance of counsel with respect to plea offers that lapse or are rejected."  *Williams*, 705 F.3d at 294.  And, as

here, "Mr. Williams claims he could not have presented his claim in his first section 2255 motion, which he filed before *Cooper* and *Frye* were decided."  *Id.*  The Eighth Circuit determined,

> Pursuant to section 2255(h)(2), we can authorize the filing of a second or successive section 2255 motion that contains a claim based on a "new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."  28 U.S.C. § 2255(h)(2).  In *Cooper* and *Frye*, the Court noted that its analysis was consistent with the approach many lower courts had taken for years, as well as with its own precedent.  We therefore conclude, as have the other circuit courts of appeals that have addressed the issue, that neither *Cooper* nor *Frye* announced a new rule of constitutional law.  The request for authorization [to file a successive § 2255 motion] is denied.

*Id.* (internal citations omitted).  Following *Williams*, Scott would not appear to have any basis for the filing of a successive § 2255 motion.  A separate order will be entered in accordance with this memorandum opinion.

DATED this 7th day of March, 2013.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court