```
            IN THE UNITED STATES DISTRICT COURT FOR THE

                         DISTRICT OF NEBRASKA

UNITED STATES OF AMERICA,      )
                               )
               Plaintiff,      )          8:92CR14
                               )
     v.                        )
                               )
CHRISTOPHER ALLEN SCOTT,       )          MEMORANDUM OPINION
                               )
               Defendant.      )
_____)
```

This matter is before the Court on the motion of defendant Christopher Scott for reconsideration under Federal Rule of Civil Procedure 59(e) (Filing No. 1229) of this Court's order and judgment (Filing No. 1228) denying Scott's motion "for leave to amend and file a supplemental pleading on his prior 28 U.S.C. 2255 petition" (Filing No. 1226). This Court has previously found that Scott's motion for leave to amend was properly construed as a motion to file a second, successive § 2255 motion. *See* Memorandum Opinion, Filing No. 1227. Having no certificate from the United States Court of Appeals authorizing this Court to consider a second, successive motion, as dictated by 28 U.S.C. § 2255(h), this Court denied Scott's motion for leave to amend.

Scott now moves the Court to reconsider this decision because he contends that the Court erred in its conclusion that his motion to amend must be construed as a second, successive motion. Defendant claims instead that his 2013 claims "relate

back" to his prior 1997 claims and, therefore, that his 2013 claims should be considered by the Court as a timely amendment to the prior 1997 motion.

"Postconviction motions for relief must be filed within one year from the date that the judgment becomes final." *Dodd v. United States*, 614 F.3d 512, 515 (8th Cir. 2010) (citing 28 U.S.C. § 2255(f)). "Claims made in an untimely filed motion under § 2255 may be deemed timely if they relate back to a timely filed motion as allowed by Federal Rule of Civil Procedure 15(c)." *Dodd*, 614 F.3d at 515.

> Claims made in an amended motion relate back to the original motion when the amendment asserts a claim that arose out of the same "conduct, transaction, or occurrence set out . . . in the original" motion. Fed. R. Civ. P. 15(c)(1)(B). To arise out of the same conduct, transaction, or occurrence, the claims must be tied to a common core of operative facts. An amended motion may raise new legal theories only if the new claims relate back to the original motion by arising out of the same set of facts as the original claims. The facts alleged must be specific enough to put the opposing party on notice of the factual basis for the claim. Thus, it is not enough that both an original motion and an amended motion allege ineffective assistance of counsel during a trial. The allegations of ineffective assistance must be of the same time and type as those in the original motion, such that they

>             arise from the same core set of
>             operative facts.

*Dodd*, 614 F.3d at 515 (internal citations and quotations omitted).  If the claims in the untimely filed amended motion do not "relate back" to the claims in the timely filed prior motion, then they are barred by the one-year statute of limitations in 28 U.S.C. § 2255(f).

In conjunction with Scott's prior 1997 habeas motion, he identified seven issues for review, all having to do with either an allegedly faulty indictment or allegedly faulty jury instructions.[1]  In Scott's 2013 motion for leave to amend, he asserts that his counsel was ineffective because "Scott suffered a violation of his Sixth Amendment right to counsel during the plea process that deprived him to the right to make a knowing and informed choice on whether to accept the Government's plea offer" (Filing No. 1226, at 3).

The Court finds that the issues raised in Scott's 2013 motion for leave to amend do not arise from the same set of operative facts as the allegations contained in his 1997 habeas motion since none of the 1997 allegations related to the plea

---

[1] This Court decided that the first six issues raised by Scott could have and should have been raised on direct appeal and denied habeas relief on that basis (Filing No. 889).  This Court also denied Scott's motion as to the seventh issue, alleging ineffective assistance of counsel for failure to object to alleged deficiencies in the indictment and the jury instructions (*Id.*).  The United States Court of Appeals for the Eighth Circuit affirmed.  *United States v. Scott*, 218 F.3d 835 (8th Cir. 2000).

bargaining process.  Thus, the claims in Scott's 2013 motion for leave to amend do not relate back to the claims in his 1997 habeas motion, and the 2013 motion cannot be considered an amendment to the 1997 habeas motion.  Rather, the 2013 motion is a second, successive motion.  Lacking jurisdiction under 28 U.S.C. § 2255(h), this Court cannot rule on a second, successive motion.  *See* Memorandum Opinion, Filing No. 1227; *Williams v. United States*, 705 F.3d 293 (8th Cir. 2013).  A separate order will be entered in accordance with this memorandum opinion.

DATED this 4th day of April, 2013.

BY THE COURT:

/s/ Lyle E. Strom

_____
LYLE E. STROM, Senior Judge
United States District Court