IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:92CR14 |
| | ) | |
| v. | ) | |
| | ) | |
| CHRISTOPHER ALLEN SCOTT, | ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

Invoking Federal Rule of Criminal Procedure 36 and the authority of this Court, Christopher Scott ("defendant") moves, more than twenty years after his conviction and sentencing, "to correct a clerical error in a Judgment Order, or other part of the record." (Filing No. 1282 at 1). Defendant has also requested the Court appoint counsel "to represent the petitioner in this very complex case." Filing No. 1286 at 1. For reasons discussed below, the Court lacks jurisdiction over defendant's Rule 36 motion and will deny his motion for appointment of counsel.

**BACKGROUND**

On February 17, 1993, a jury convicted defendant of, among other charges, knowingly engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848. On July 11, 1994, the United States Court of Appeals for the Eighth Circuit affirmed this Court's judgment. *United States v. Johnson*, 28

F.3d 1487 (8th Cir. 1994). The United States Supreme Court denied defendant's petition for certiorari. *Johnson*, 28 F.3d 1487, *cert. denied*, 513 U.S. 1098, 115 S. Ct. 768, 130 L. Ed. 2d 664 (1995) *and cert. denied sub nom.*, *Scott v. United States*, 513 U.S. 1195, 115 S. Ct. 1263, 131 L. Ed. 2d 664 (1995).

On April 23, 1997, pursuant to 28 U.S.C. § 2255, defendant sought post-conviction relief claiming he "suffered a violation of his Sixth Amendment right to counsel during the plea process that deprived him to the right to make a knowing and informed choice on whether to accept the Government's plea offer" and that decisions of the United States Supreme Court supported his position. (Filing No. 1226 at 3). This Court denied defendant's first § 2255 motion on January 20, 1998. (Filing No. 889). Thereafter on March 26, 1998, this Court declined to issue a certificate of appealability. (Filing No. 898). On February 10, 1999, the Eighth Circuit granted the defendant a certificate of appealability limited to certain issues (Filing No. 910), but ultimately affirmed the judgment of this Court's denial of post-conviction relief on July 7, 2000. (Filing No. 923).

More than twelve years later on February 25, 2013, defendant filed a "Motion to Amend." (Filing No. 1226). In that motion defendant sought "leave to amend and file a supplemental pleading on his prior 28 U.S.C. 2255 petition." *Id.* at 1. The

-2-

Court treated filing number 1226 "not as a motion to amend the first, but as a motion to file a second, successive § 2255 motion." (Filing No. 1227 at 2). Citing defendant's failure to comply with the statutory procedures outlined in 28 U.S.C. § 2255(h), the Court denied defendant's motion. *Id.*

On March 28, 2013, defendant moved the Court to reconsider its March 7, 2000, order (*Id.*). (Filing No. 1229). The Court denied that motion. (Filing No. 1230). Defendant appealed to the Eighth Circuit which denied defendant's request for an application for a certificate of appealability and dismissed his appeal. *See* Filing No. 1239.

On December 30, 2013, defendant filed a "Second and Subsequent Motion Pursuant to 28 U.S.C. § 2255" claiming he "was not indicted under the crime of 848 Subsection (b), did not have a jury determination to prove the elements thereof and subsequently received an enhanced sentence of Mandatory Minimum life without parole for a crime not charged." (Filing No. 1243 at 1 and 3). The Court issued an order on January 23, 2014, once again clarifying that defendant "must first obtain circuit court certification . . . [and reiterating] the Court lack[ed] jurisdiction over his claims." (Filing No. 1246) (quoting 28 U.S.C. § 2255(h)); *see also United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000), *United States v. Alverez-Ramirez*, 128 F.

Supp. 2d 1265, 1267 (C.D. Cal. 2001). Again, defendant appealed to the Eighth Circuit. (Filing No. 1250). This Court denied defendant a certificate of appealability (Filing No. 1253) and the Circuit denied defendant's application for a certificate of appealability and dismissed his appeal (Filing No. 1268).

Defendant filed his present motion on May 14, 2015. The relief defendant seeks and the arguments set forth are similar to his December 30, 2013, filing (Filing No. 1243). *Compare* Filing No. 1243 *with* Filing No. 1282. However, this time defendant seeks to avoid the requirements of 28 U.S.C. § 2255(h) by couching his argument under Federal Rule of Criminal Procedure 36. *See* Filing No. 1282.

**LAW AND ANALYSIS**

Having exhausted all his direct appeals and having unsuccessfully pursued post-conviction relief on numerous occasions and on multiple grounds, defendant now attempts to circumvent the requirements set forth by Congress in the Antiterrorism and Effective Death Penalty Act by asking the Court to assert jurisdiction where none exists. *See* 28 U.S.C. §§ 2244 and 2255(h); *Burton v. Stewart*, 549 U.S. 147, 152, 127 S. Ct. 793, 166 L. Ed. 2d 628 (2007).

Rule 36 allows for a court to "correct a clerical error in a judgment, order, or part of the record, or correct an error

-4-

arising from oversight or omission." Fed. R. Crim. P. 36. The rule is narrow and applies only to clerical errors. The rule does not "authorize substantive alteration of a final judgment." *United States v. DeLeo*, 644 F.2d 300, 301 (3d Cir. 1981) (internal citations omitted). The Court finds that defendant's motion seeks not to merely correct a clerical error but instead to substantially alter the Court's final judgment. Such claims need to be brought in accordance with the procedures outlined under habeas corpus. *See United States v. Mares*, 868 F.2d 151, 151 (5th Cir. 1989). Furthermore, any inaccuracies in the record should have been addressed before sentencing, or in the very least well before the passing of over twenty years. *See United States v. Long*, 434 F. App'x 567 (8th Cir. 2011).

      A petitioner seeking to file a second or successive § 2255 motion challenging their conviction or sentence must first obtain circuit court certification. 28 U.S.C. § 2255(h). Because the defendant has not received approval from the Eighth Circuit to file a second or successive § 2255 motion, the Court lacks jurisdiction over his claims. *See United States v. Key*, 205 F.3d 773, 774 (5th Cir. 2000), *United States v. Alverez-Ramirez*, 128 F. Supp. 2d 1265, 1267 (C.D. Cal. 2001).

      Defendant's claims cannot disguise his claims under Rule 36. The relief defendant seeks needs to be brought under

habeas corpus.  Because the Court cannot entertain the merits of defendant's claims under Rule 36 the Court lacks jurisdiction.  Defendant's motion will be dismissed.  In dismissing defendant's motion, the Court will also deny his motion for appointment of counsel.  A separate order will be entered in accordance with this memorandum opinion.

       DATED this 2nd day of October, 2015.

                   BY THE COURT:

                   /s/ Lyle E. Strom
                   _____
                   LYLE E. STROM, Senior Judge
                   United States District Court