IN THE UNITED STATES DISTRICT COURT FOR THE

DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 8:92CR14 |
| | ) | |
| v. | ) | |
| | ) | |
| CHRISTOPHER ALLEN SCOTT, | ) | MEMORANDUM OPINION |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the Court on a motion by the defendant, Christopher Allen Scott ("Scott" or "defendant") to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) (Filing No. 1302). This is another attempt by Scott to reduce his sentence pursuant to certain amendments made to the United States Sentencing Guidelines (the "Guidelines"). *See e.g.*, Filing No. 1078 and Filing No. 1191.

As previously determined by this Court, "[t]he defendant was not sentenced pursuant to the . . . Guidelines but pursuant to a specific statute which mandated a life sentence." (Filing No. 1192 at 1). In 2011, the Court found that certain Guideline modifications were not applicable to the defendant's sentence (*Id.*). The Court once again reiterates that Scott was not sentenced pursuant to the Guidelines and that the more recent modifications to the Guidelines are likewise inapplicable.

Defendant was sentenced pursuant to 21 U.S.C. § 848. Subsection (b) of 21 U.S.C. § 848 provides that:

> [a]ny person who engages in a continuing criminal enterprise shall be imprisoned for life . . . if --
>
> (1) such person is the principal administrator, organizer, or leader of the enterprise or is one of several such principal administrators, organizers, or leaders; and
>
> (2)(A) the violation referred to in subsection (c)(1) of this section involved at least 300 times the quantity of a substance described in subsection 841(b)(1)(B) of this title, or
>
> (B) the enterprise, or any other enterprise in which the defendant was the principal or one of several principal administrators, organizers, or leaders, received $10 million dollars in gross receipts during any twelve-month period of its existence for the manufacture, importation, or distribution of a substance described in section 841(b)(1)(B) of this title.

21 U.S.C. § 848(b).

At the time defendant was sentenced, the amount of cocaine base under 21 U.S.C. § 841(b)(1)(B) was 5 grams or more. 21 U.S.C. § 841(b)(1)(B) (1993). Today the amount of cocaine base under Section 841(b)(1)(B) is 28 grams or more. 21 U.S.C.

§ 841(b)(1)(B) (2016). Multiplying the amount of cocaine base under the statute at the time Scott was sentenced (5 grams) by 300, as required by § 848(b)(2)(A), results in 1500 grams or 1.5 kilograms of cocaine base. Alternatively, multiplying the amount of cocaine base under the statute as written today (28 grams) by 300 as required by § 848(b)(2)(A) results in 8,400 grams or 8.4 kilograms of cocaine base. However, the distinctions in the quantity of cocaine base is of no consequence due to the actual quantity at issue in this case and the quantity specifically attributable to Scott. *See* the Court's July 23, 1993, Sentencing Memorandum.

Although the Court may be satisfied that the defendant has received all the benefits incarceration might provide, and believes that a sentence reduction might be appropriate in this case, the law precludes the Court from reducing Scott's mandatory life sentence under 21 U.S.C. § 848(b). A separate order will be entered in accordance with this memorandum opinion.

DATED this 12th day of January, 2017.

BY THE COURT:

/s/ Lyle E. Strom
_____
LYLE E. STROM, Senior Judge
United States District Court