IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, Plaintiff, v. CHRISTOPHER SCOTT, Defendant. | 8:92CR14 ORDER |

This matter is before the Court on pro se defendant Christopher Scott's ("Scott") motion for a reduced sentence (Filing No. 1331). Noting the Fair Sentencing Act of 2010 ("FSA") is retroactive, Scott asks the Court to "exercise [its] discretion in this matter" and "recalculate [his] sentence and give [him] time served." The government responds (Filing No. 1339) that Scott does not qualify for a sentence reduction because the Court found him responsible for at least 42.8 kilograms of cocaine base and Scott is still subject to a mandatory life sentence.

In place of a reply, Scott has filed (Filing No. 1342) a "Motion for Re-Sentencing and . . . Imposition of a Reduced Sentence pursuant to Section 404 of the First Step Act of 2018 Motion to Supplement." Scott explains he "would like the Court to supplement" his pending motion to reduce his sentence with a much more-detailed argument based on the First Step Act. Scott also moves for the appointment of counsel and requests a resentencing hearing. The Court has carefully considered Scott's supplemental argument; his remaining requests are denied for the reasons below.

In 1993, a jury found Scott guilty of conspiring to distribute cocaine base, continuing criminal enterprise ("CCE"), and money laundering. The Court set aside the conspiracy conviction as a lesser included offense of the CCE conviction. At sentencing, the Court determined Scott was subject to a mandatory life sentence on the CCE conviction under 21 U.S.C. § 848(b) because he was a "principal administrator, organizer, or leader of the enterprise" under § 848(b)(1) and his

CCE violation involved far more than the 1.5 kilograms of cocaine base required by § 848(b)(2)(A) at that time.[1]

On November 16, 2016, Scott moved (Filing No. 1302) to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). In denying Scott's motion on January 12, 2017 (Filing No. 1303), the Court explained that the change in the threshold quantity in § 841(b)(1)(B)(iii) under the FSA was of no help to Scott because of the large quantity of cocaine base "at issue in this case" and the 42.8 kilograms "specifically attributable to Scott." The Court concluded "the law precludes the Court from reducing Scott's mandatory life sentence under 21 U.S.C. § 848(b)." That has not changed.

The Court agrees with the government that—in light of the 42.8 kilograms of cocaine base attributed to Scott—neither the FSA nor the First Step Act makes Scott eligible for a sentence reduction or affords him any relief from his mandatory life sentence under § 848(b). Accordingly,

IT IS ORDERED:
1. Defendant Christopher Scott's combined motion to supplement and motion to appoint counsel (Filing No. 1342) is granted in part and denied in part.
   a. Scott's motion to supplement is granted.
   b. Scott's motion to appoint counsel and all other requests for relief are denied.
2. Scott's motion to reduce his sentence under the Fair Sentencing Act and Section 404 the First Step Act (Filing No. 1331) is denied.

Dated this 26th day of March 2019.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge

---

[1] As this Court has previously explained (Filing No. 1303), when Scott was sentenced, the amount of cocaine base required for a life sentence was 300 times the threshold 5 grams described in 21 U.S.C. § 841(b)(1)(B)(iii). Multiplying 5 grams by 300 yields 1.5 kilograms. The FSA increased the threshold amount of cocaine base in § 841(b)(1)(B)(iii) from 5 grams to 28 grams, meaning the amount of cocaine base required for a life sentence under § 848(b) is now 8.4 kilograms.