IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | 8:92CR14 |
| v. | |
| CHRISTOPHER SCOTT, | ORDER |
| Defendant. | |

Pending before the Court is pro se defendant Christopher Scott's ("Scott") "Motion for Reconsideration under 59(e) for Section 404 of the First Step Act of 2018" (Filing No. 1345). Scott asks the Court to reconsider its Order ("Order") dated March 26, 2019 (Filing No. 1343), which denied Scott's motion for a reduced sentence (Filing No. 1331) and motion to appoint counsel (Filing No. 1342). Scott has also filed (1) a notice of appeal (Filing No. 1346), which cannot be filed until Scott pays the filing fee or is authorized to proceed in forma pauperis ("IFP") on appeal (Filing No. 1347), and (2) a motion for the appointment of counsel on appeal (Filing No. 1348). Upon careful review, the Court will deny Scott's motions for reconsideration and for the appointment of counsel on appeal but will authorize Scott to proceed IFP on appeal.

Taking Scott's motion to reconsider first, Scott states his motion is based on Federal Rule of Civil Procedure 59(e).[1] In civil cases, Rule 59(e) motions "'serve the limited function of correcting manifest errors of law or fact or to present newly discovered evidence' and 'cannot be used to introduce new evidence, tender new legal theories, or raise arguments which could have been offered or raised prior to entry of judgment.'" *Ryan v. Ryan*, 889 F.3d 499, 507 (8th Cir. 2018) (quoting *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006)). Although "courts in other Circuits have held that

---

[1] There is no Federal Rule of Criminal Procedure 59(e).

this civil standard applies to motions for reconsideration raised in criminal cases outside of the suppression context," the Eighth Circuit has not yet decided "whether to import the civil motion for reconsideration standard into the criminal context." *United States v. Luger*, 837 F.3d 870, 875-76 (8th Cir. 2016). Even if the Court assumes the standard does apply in this context, it does Scott no good. The bulk of Scott's motion to reconsider is based on new legal theories and arguments he did not raise in support of his motion to reduce his sentence, even after the Court permitted him to supplement his motion. "Rule 59(e) cannot be so used." *Fletcher v. Tomlinson*, 895 F.3d 1010, 1025 (8th Cir. 2018). To the extent Scott otherwise asks the Court to reconsider its denial of his motion to reduce his sentence, the motion is denied for the reasons stated in the Order. Due to the quantity of cocaine base attributed to Scott, neither the Fair Sentencing Act of 2010 nor the First Step Act of 2018 entitles him to relief from his mandatory life sentence under 21 U.S.C. § 841(b).

The Court will likewise deny Scott's motion for appointment of counsel on appeal without prejudice to reassertion before the Eighth Circuit Court of Appeals.

As for Scott's IFP status, Federal Rule of Appellate Procedure 24(a)(3) provides that a party "who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal [IFP] without further authorization" unless the Court certifies that the appeal is not taken in good faith or finds the party is not otherwise entitled to proceed IFP on appeal. *See also* 28 U.S.C. § 1915(a). Scott was financially unable to obtain counsel in his case, and the Court (1) declines to certify that Scott's appeal has not been taken in good faith and (2) finds no other reason that Scott should not be entitled to proceed IFP on appeal.

Based on the foregoing,

IT IS ORDERED:
1. Defendant Christopher Scott's motion for reconsideration (Filing No. 1345) is denied.

2. Scott's motion for the appointment of counsel on appeal (Filing No. 1348) is denied without prejudice.

3. Scott is authorized to proceed in forma pauperis on appeal.

Dated this 17th day of April 2019.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge